**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEW INVESTMENTS INC., <br><br> Appellant, <br><br> v. <br><br> ALTANATURAL CORPORATION, <br><br> Appellee. | No.   18-35269 <br><br> D.C. No. 2:16-cv-01368-RAJ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted June 7, 2019
Seattle, Washington

Before: BEA and NGUYEN, Circuit Judges, and MÁRQUEZ,[**] District Judge.

New Investments Inc. appeals the judgment of the district court affirming

the judgment of the bankruptcy court awarding $487,989.36 to Altanatural

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

Corporation.  We have jurisdiction under 28 U.S.C. §§ 158 and 1291, and we affirm in part, vacate in part, and remand.

    1.    Altanatural did not fail to "establish damages with reasonable certainty." *Holmquist v. King County*, 368 P.3d 234, 238 (Wash. Ct. App. 2016). New Investments claims that the district court erred in admitting testimony from Lukens because he was qualified as an expert in appraisal, but Lukens' expertise was broader than that.  He had extensive experience in hotel development and in conducting feasibility studies to determine what types of hotels could be built on particular sites.  He was therefore competent to offer an opinion on the cost of building under-unit or underground parking spaces.  Furthermore, although New Investments contends Lukens' cost estimate was speculative, Lukens had "spoken to several contractors about underground parking in this area."  Although "no comprehensive construction analysis was presented," Lukens' testimony was sufficient to "give[] the trier of fact a reasonable basis for estimating the loss." *Id.*

    2.    The bankruptcy court did not err by allowing Altanatural the remedy of recoupment.  The promissory note waived "any right of offset."  New Investments claims that the waiver of offset was a waiver of recoupment, but the term "offset" is commonly used as a synonym for "setoff," not recoupment. *See Offset*, Black's Law Dictionary (11th ed. 2019) ("[C]ourts use the terms 'offset'

2

and 'setoff' interchangeably, often switching between them from sentence to sentence, supporting the conclusion that there is no substantive difference between them." (alteration in original) (quoting 4 Ann Taylor Schwing, *California Affirmative Defenses* § 44:1, at 4–5 (2d ed. 1996))); *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995) ("The right of setoff (also called 'offset') . . . ."); *In re Madigan*, 270 B.R. 749, 754 (B.A.P. 9th Cir. 2001) ("The 'same transaction' requirement essentially distinguishes recoupment from 'setoff' or 'offset' . . . ."). The bankruptcy court therefore properly construed the waiver provision as covering setoff but not recoupment.

3. The bankruptcy court did not clearly err in rejecting New Investments' waiver and equitable estoppel defenses. There was no evidence that Altanatural acquiesced in New Investments' free occupation of hotel rooms after November 13, 2014. Accordingly, New Investments cannot satisfy the elements of waiver or estoppel. *See Schuster v. Prestige Senior Mgmt., L.L.C.*, 376 P.3d 412, 420 (Wash. Ct. App. 2016).

4. Altanatural properly suspended performance following New Investments' material breach. *See Bailie Commc'ns, Ltd. v. Trend Bus. Sys.*, 765 P.2d 339, 342 (Wash. Ct. App. 1988) ("A material failure by one party gives the other party the right to withhold further performance as a means of securing his

expectation of an exchange of performances." (quoting Restatement (Second) of Contracts § 241 cmt. e (1981))).

We reject New Investments' argument that suspension of performance was unjustified because the promissory note and the purchase and sale agreement were separate contracts. Courts frequently view such documents as forming a single integrated contract. *See, e.g.*, *In re Cochise Coll. Park, Inc.*, 703 F.2d 1339, 1347–49 (9th Cir. 1983) (holding that "the failure of [the seller] to develop the land as promised or to convey a warranty deed to the purchaser could each constitute a material breach excusing performance by the land purchaser of his remaining obligations," including "payments on his promissory note"). And that approach is particularly appropriate here, where the purchase and sale agreement—*see* second addendum, exhibit B—expressly incorporates the terms of the promissory note.

We decline to reach New Investments' argument that the promissory note constitutes a negotiable instrument. *See Alpacas of Am., LLC v. Groome*, 317 P.3d 1103, 1105–06 (Wash. Ct. App. 2014). New Investments raised this argument for the first time at oral argument, and we ordinarily do not consider such arguments. *See Butler v. Curry*, 528 F.3d 624, 642 (9th Cir. 2008).

5. The bankruptcy court properly concluded that Altanatural's performance under the contract was discharged. *See* Restatement (Second) of

4

Contracts § 242 cmt. a (1981) ("[A] party's uncured material failure to perform or to offer to perform not only has the effect of suspending the other party's duties but, when it is too late for the performance or the offer to perform to occur, the failure also has the effect of discharging those duties." (citations omitted)).

6. New Investments' contention that Altanatural elected inconsistent remedies, *see Bailie*, 765 P.2d at 342; *Melby v. Hawkins Pontiac, Inc.*, 537 P.2d 807, 810 (Wash. Ct. App. 1975), is based on the faulty premise that, by suspending performance, Altanatural was seeking rescission of the contract. This was not the case.

7. The bankruptcy court did not abuse its discretion by concluding that interest did not accrue on the promissory note after Altanatural suspended its performance. *See Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1080 (9th Cir. 2010) ("We review for an abuse of discretion the district court's equitable orders."); *In re Country World Casinos, Inc.*, 181 F.3d 1146, 1151–52 & n.2 (10th Cir. 1999) (holding that interest did not accrue); *Sjoberg v. Kravik*, 759 P.2d 966, 968, 970 (Mont. 1988) (holding that interest did not accrue until cure); *cf. Bendik v. Sommer Bros. Const. Co.*, 205 A.2d 692, 693 (Pa. Super. Ct. 1964) (holding that interest accrued, but only because the borrower's payment was due *before* the lender's breach).

8.  The bankruptcy court may have erred in calculating expectation damages. Damages for breach of contract "should be in an amount sufficient to place the injured party in the same economic position it would have occupied had the contract been fully performed." *TMT Bear Creek Shopping Ctr., Inc. v. Petco Animal Supplies, Inc.*, 165 P.3d 1271, 1283 (Wash. Ct. App. 2007). "Thus, the nonbreaching party's general or direct damages are measured by the loss in value of the performance promised by the breacher—that is, the value of what was promised by the breaching party minus the value of the performance actually rendered—*less any expenses saved or losses avoided by the nonbreacher as a result of not having to perform his or her return promise . . . .*" 24 *Williston on Contracts* § 64:1 (4th ed. 2019) (emphasis added).

Here, Altanatural did not have to make the final two interest payments on the promissory note, and it does not appear that the bankruptcy court considered these savings in calculating damages. Accordingly, we vacate the judgment of the district court with instructions to vacate the judgment of the bankruptcy court and remand to that court with instructions to determine whether modification of the judgment would be appropriate to account for Altanatural's savings.

9.  Altanatural's request for attorney's fees on appeal is denied without prejudice. *See* 9th Cir. R. 39-1.6(b).

**AFFIRMED IN PART; VACATED IN PART; REMANDED.** Each party shall bear its own costs on appeal.

7